THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MAX SCHULTZ, PLAINTIFF IN ERROR.

Submitted June 6, 1924—Decided October 24, 1924.

Crimes—Incest—In Review by Assignments of Error or by Specifications of Causes for Reversal Under Criminal Procedure Act, the Grounds or the Causes Must be Definitely Pointed Out—Record Examined in Light of Defendant's Argument and Prejudicial Error Not Found.

On error to the Atlantic County Quarter Sessions Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff in error, *Carlton Godfrey* and *William I. Garrison*.

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas, and *S. Cameron Hinkle,* assistant prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was convicted by a jury of the statutory crime of incest (*Comp. Stat., p.* 1760, ¶ 45), with his daughter.

The defendant apparently undertook to review the conviction both by assignments of errors on bills of exceptions and by specifications of causes for reversal, pursuant to section 136 of our Criminal Procedure act.

He assigns as error "that the verdict was against the weight of the evidence" as permitted by chapter 349 of *Pamph. L.* 1921. But an examination of the evidence shows that the verdict is not against the weight of the evidence.

All of the remaining assignments of error and causes for reversal upon which reliance is had, are too general to avail the plaintiff in error. They are generally, in varying language, that legal evidence was rejected and illegal evidence admitted.

Now, whether review is sought by assignments of errors on bills of exception or by specifications of causes for reversal, pursuant to sections 136 and 137 of our Criminal Procedure act, the grounds of error or causes for reversal must be definitely pointed out and assigned or specified with sufficient precision to apprise the court and opposing counsel of the jury complained of. *State* v. *Herron,* 77 *N. J. L.* 523; *State* v. *McCormack,* 93 *Id.* 287; *affirmed,* 94 *Id.* 262; *State* v. *Lewis,* 1 *N. J. Adv. R.* 511. As was said by Mr. Justice Swayze, speaking for the unanimous Court of Errors and Appeals in State *v.* Herron, causes for reversal "should, therefore, where the objection is to the admission or rejection of evidence, point out the precise evidence which was erroneously admitted and the precise offer which was erroneously rejected. If this is not done it becomes incumbent upon counsel for the state and the court to examine the whole record which may be very voluminous, and the object of the act is not achieved. We think the causes as assigned in this case too general to avail the plaintiff in error."

However, in order to satisfy ourselves that no injustice was done, we have examined the record with care, in the light of defendant's argument, and we find no error which in our judgment could have prejudiced him in his defense upon the merits.

The judgment below will be affirmed.